IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RONALD DEAN MATTHEWS,
ADC #73278                                                                                              PLAINTIFF

v.                                           2:07CV00138WRW/HDY

MS. LEBLONG,  et al.                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

>    3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), who has been granted leave to appear in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges he was denied due process when his recent request for a transfer was denied based on his history of escape. Plaintiff states he filed a grievance about the denial, and although defendant Harmon was made aware of the situation through the filing of the grievance, he failed to address plaintiff's complaint. Plaintiff also traces the history of his incarceration in the ADC, since 1976, and states he was diagnosed as a paranoid schizophrenic, but received no mental health care in the ADC from 1978-1981. Plaintiff also states the Executive Clemency Board discriminated against him in 2005 by denying his request for clemency based on his escape history. Plaintiff states that if he had received the proper mental health treatment, he would not have attempted to escape. Plaintiff asks for damages from the defendants.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen

complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.    The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim.  The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Neitzke v. Williams, 490 U.S. § 319 (1989).  In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds that it must be dismissed for failure to state a claim.   In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In this particular case, plaintiff first claims that defendants violated his right to due process by denying his request for a transfer.  However, a prisoner enjoys no constitutional right to remain in a particular institution, and generally is not entitled to due process protections prior to such a transfer.  See Olim v. Wakinekona, 461 U.S. 238 (1983).

In addition, plaintiff's allegation concerning the denial of his clemency request also must fail. The Eighth Circuit Court of Appeals has held that denial of clemency allegations do not state a violation of constitutional rights.  See Perry v. Morgan, 122 F.3d 18 (8th Cir. 1997), Wainwright v. Brownlee, 103 F.3d 708 (8th Cir. 1997) (per curiam), and Whitmore v. Gaines, 24 F.3d 1032 (8th Cir. 1994). In Perry, supra, the Court noted that the "Arkansas clemency statute imposes no standards on

what the board or the governor may consider in making their decisions," and in such a case, "the statute does not create a constitutional right or entitlement sufficient to invoke the Due Process Clause." 122 F.3d at 20.

With respect to plaintiff's allegations against defendant Harmon for failing to respond to his grievance request, the Court finds that plaintiff fails to state a claim. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Furthermore, failure to follow ADC policies and procedures does not state a claim. See Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

Finally, with respect to plaintiff's request for damages, the Court finds that plaintiff's complaint falls within the meaning of Heck v. Humphrey, 512 U.S. 477 (1994), and that therefore, it should be dismissed. In Heck, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. Should plaintiff ultimately succeed in challenging the legality of his continued confinement through appropriate state procedures, he may refile his complaint for damages. See Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). Accordingly,

IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint against defendants be DISMISSED for failure to state a claim.

IT IS FURTHER RECOMMENDED that this dismissal be considered a "strike" within the meaning of the PLRA.[1]

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

IT IS SO RECOMMENDED this __6__ day of December, 2007.

_____
United States Magistrate Judge

---

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).